IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMMY MENDEZ GARCIA, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:20-cv-01390-N (BT) |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Sammy Mendez Garcia, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS Garcia's petition as barred by limitations.

I.

Garcia pleaded guilty to delivery of a controlled substance, and the judge sentenced him ten years' deferred adjudication probation. The State later filed a motion to adjudicate, Garcia was found guilty, and he was sentenced to thirty-five years' imprisonment. The trial court entered judgment on January 4, 1994. On February 8, 1995, the Texas Fifth Court of Appeals affirmed Garcia's conviction and sentence. *Garcia v. State*, No. 10-

1

94-136-CR (Tex. App.–Dallas, no pet.). Garcia did not file a petition for discretionary review (PDR). *See* Resp. Ex. A (ECF No. 11-1).

However, Garcia did file five state applications for a writ of habeas corpus. He filed the first application on May 18, 1994, and on June 8, 1994, the Texas Court of Criminal Appeals (CCA) denied it without a written order. Garcia filed his second state application on November 7, 2002, and approximately one month later, the CCA denied it without a written order on the trial court's findings. Garcia filed his third state application on January 5, 2005, and the CCA later dismissed it as subsequent. He filed his fourth application on December 11, 2014, and the CCA also dismissed it as subsequent. Finally, he filed his fifth application on June 30, 2022, and shortly after it was filed, the CCA dismissed it as subsequent.

On May 22, 2020, Garcia filed his § 2254 petition (ECF No. 3),[1] in which he argues:

(1) His trial attorney provided ineffective assistance of counsel when he failed to:

a. argue that the indictment was defective;

b. file a motion to dismiss the indictment;

---

[1] A prisoner's *pro se* pleading is deemed filed on the date that it was deposited in the prison mail system. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *see also Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Here, Garcia signed and dated his petition May 22, 2020. Pet. 10 (ECF No. 3). The Court presumes Garcia gave his petition to prison officials on that date for mailing to the Clerk.

(2) The trial court abused its discretion when it allowed him to be prosecuted without authority; and

(3) The trial court violated his Due Process rights by allowing him to be tried where the indictment was invalid and defective.

Respondent filed an answer arguing that Garcia's petition should be dismissed with prejudice because it is time-barred. Garcia filed a reply. The issues are thus fully-briefed, and his claims are ripe for adjudication.

II.

A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[2] Here, Garcia has failed to

---

[2] The statute provides that the limitations period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

3

demonstrate that any other provision of § 2244(d)(1) is applicable to his case.

The trial court entered its judgment in Garcia's case on January 4, 1994, and the Texas Fifth Court of Appeals affirmed Garcia's conviction and sentence February 8, 1995. Therefore, Garcia's conviction became final on March 10, 1995, when the time for him to file a PDR expired. *See* Tex. R. App. Proc. 68.2(a) (recognizing a petition must be filed within 30 days after the intermediate court's judgment is entered); *see also Crawford v. Davis,* 2018 WL 7078540, at *1 (N.D. Tex. Dec. 27, 2018), *rec. adopted*, 2019 WL 266886 (N.D. Tex. Jan. 18, 2019). But because the trial court entered judgment prior to the enactment of the AEDPA, the one-year statute of limitations on his conviction did not begin to run until April 24, 1996. *See United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998) ("[O]ne year, commencing on April 24, 1996, presumptively constitutes a reasonable time for those prisoners whose convictions had become final prior to the enactment of the AEDPA to file for relief."). Garcia then had one year, until April 24, 1997, to file his federal petition. 28 U.S.C. § 2244(d)(1)(A). He did

---

    been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

not file his petition in this Court until May 22, 2020, *more than two decades* after the deadline expired. Garcia's petition is therefore untimely.

A state habeas application generally tolls the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that a state habeas application tolls the limitations period under § 2244(d)(2)); *see also Broussard v. Thaler*, 414 F. App'x 686, 687-88 (5th Cir. 2011) (per curiam) ("AEDPA provides that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.'") (quoting 28 U.S.C. § 2244(d)(2)). Garcia filed his first state habeas application on May 18, 1994, and the CCA denied it without a written order on June 8, 1994. Under § 2244(d)(2), the limitations period should be tolled by twenty-one days. The other four state habeas applications were filed after the limitations period had expired. Therefore, the latter four state habeas applications do not toll the limitations period. *See Flores v. Quarterman*, 467 F.3d 484, 485 n.2 (5th Cir. 2006) (per curiam) ("While the filing of a state habeas application ordinarily tolls the federal one-year statute of limitations, [the petitioner] did not file his state application until . . . more than one year after his sentence became final, and almost two months after the statute of limitations expired.") (citing *Scott*, 227 F.3d at 263) (holding that state habeas applications filed after the expiration of the limitations period do not

5

toll the limitations period). Therefore, Garcia's limitations period is tolled for twenty-one days under § 2244(d)(2), and his federal limitations period expired on May 15, 1997.

B.      Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605-06 (5th Cir. 2006). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Garcia's § 2254 petition includes the following direction: "If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition."

6

Pet. 9 (ECF No. 3). He responded, "due to documents not being made available, also attorney was to file but did not." *Id.*

Garcia has failed to demonstrate that his case is "rare and exceptional." *See Davis*, 158 F.3d at 811. He generally argues that "documents" were not available, but he fails to state what documents he is referring to or otherwise explain why he did not have access to them. Garcia does not argue that state action somehow precluded him from timely filing his federal petition. *See* Pet. 9 (ECF No. 3). Likewise, he does not show that he was actively misled about the cause of action or otherwise prevented in some extraordinary way from asserting his rights. *See Coleman*, 184 F.3d at 402.

Finally, Garcia has not demonstrated that he acted with diligence in pursuing his rights. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005) (holding the petitioner failed to establish act with the requisite diligence); *see also Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 256-57 (2016). In this case, Garcia waited *more than twenty-five years* after his first state application was denied, on June 8, 1994, to file his federal petition. The claims he raises in his federal petition address matters before the trial court in January 1994. Garcia's claims do not rely on new facts or evidence not available to him when he was convicted or within a manner to allow him to timely pursue these claims. Therefore, he has failed to show that he pursued his claims diligently to justify equitable tolling. *See Covey v.*

*Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir.1989) ("[E]quity is not intended for those who sleep on their rights."); *see also Hill v. Johnson*, 265 F.3d 1059, at *1 (5th Cir. 2001) (per curiam); *Fisher*, 174 F.3d at 715.

In sum, Garcia fails to state a sufficient basis for applying equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (per curiam) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

C.  Actual Innocence

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations."[3] *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.*

Garcia fails to argue that he is actually innocent. Likewise, he does not come forward with new evidence or an argument demonstrating that "no

---

[3] *House v. Bell*, 547 U.S. 518 (2006); *Schlup v. Delo*, 513 U.S. 298 (1995).

8

reasonable juror would have convicted him." *McQuiggin*, 569 U.S. at 386. Moreover, Garcia originally waived a jury trial and pleaded guilty, and this likely foreclosed the "gateway" to overcome the limitations bar. *See Thomas v. Stephens*, 2014 WL 929031, at *3 (N.D. Tex. Mar. 7, 2014); *see also Jackson v. United States*, 2013 WL 5295701 (E.D. Wis. Sept. 18, 2013); *Sidener v. United States*, 2013 WL 4041375 (C.D. Ill. Aug. 8, 2013); *United States v. Cunningham*, 2013 WL 3899335 (S.D. Tex. July 27, 2013). *But see Green v. Williams*, 2013 WL 4458971 (D. Nev. Aug. 16, 2013). Garcia has thus failed to demonstrate that actual innocence serves as a gateway through which his time-barred claims can pass, and his petition should therefore be dismissed with prejudice.

### III.

The Court should DISMISS Garcia's *pro se* petition for a writ of habeas corpus with prejudice as barred by the one-year limitations period. *See* 28 U.S.C. § 2244(d).

Signed October 26, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).